UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANKIE LOUIS DICKEY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-0877 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

# MEMORANDUM AND ORDER

Petitioner Frankie Louis Dickey (TDCJ No. 1371158), a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a *pro se* petition for a writ of habeas corpus challenging the result of a prison disciplinary proceeding. (Docket No. 1.) Pending is Respondent William Stephens's motion for summary judgment (Docket No. 7), to which Petitioner has filed a response (Docket No. 10). After reviewing the pleadings, the record, and the applicable law, the Court grants summary judgment in Respondent's favor and denies the petition. The Court will not certify any issue for consideration by the Court of Appeals for the Fifth Circuit.

## BACKGROUND

Petitioner is presently incarcerated in TDCJ's Wynne Unit pursuant to two judgments and sentences from the 174th District Court of Harris County, Texas. Petitioner does not attack his underlying convictions in this habeas action. Instead, he challenges the result of a prison disciplinary proceeding brought against him for conspiring to use a tobacco product.

On October 14, 2013, while in the Wynne Unit, Petitioner received notice that he was being charged in disciplinary case number 20140044468 with conspiring to use a tobacco product, namely, a plastic bag containing snuff. (Docket No. 8-2 at 3.) Petitioner pleaded not guilty to the charge. After presentation of evidence in a hearing held October 16, 2013, the disciplinary hearing officer ("DHO") found Petitioner guilty. The DHO assessed the following punishment: (1) forty-five days of commissary restriction; (2) fifty-five days contact visit suspension, (3) a reduction in line class from S2 to L1; (4) fifteen days of solitary confinement; and, (5) a loss of thirty days of good-time credit. Petitioner filed Step-1 and Step-2 prison grievances challenging his disciplinary conviction, *inter alia*, on the ground that prison regulations do not specifically mention the offense of conspiracy to use tobacco. (Docket No. 8-1 at 6-11.)

After denial of his prison grievances, Petitioner filed his petition seeking federal habeas relief. The sole claim raised in the petition is that the provision under which Petitioner was convicted, TDCJ-CID Code 16.1, does not support a charge of *conspiracy* to possess tobacco. Respondent moves for summary judgment, asserting that Petitioner did not properly raise this claim in his prison grievances and, therefore, it is unexhausted and procedurally defaulted. (Docket No. 7 at 4-5.) Alternatively, Respondent argues that Petitioner's claim has no merit because prison regulations allow a charge of conspiracy to commit the offense of possession of tobacco. (Id. at 5-8.) Petitioner's response asserts that his claims are properly exhausted and that there was insufficient evidence to support his conviction, but does not offer any additional support for his claim that the conspiracy charge was improper. (Docket No. 10.)

## SUMMARY JUDGMENT STANDARD

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## ANALYSIS

I.     Exhaustion

Respondent asserts that Petitioner's sole claim--that prison regulations do not support a claim of conspiracy to use tobacco--is unexhausted and procedurally defaulted. Under 28 U.S.C. § 2254(b)(1)(A) a petitioner challenging the results of a prison disciplinary hearing is required to exhaust available administrative remedies before he can obtain federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). The Texas prison system has developed a two-step formal grievance process:

> The Step 1 grievance . . . is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. [The Fifth Circuit] has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

A review of the record supports Petitioner's assertion that he properly exhausted his present claim through the prison grievance process. In a Step-1 Grievance filed October 28, 2013, Petitioner specifically stated: "After careful and thorough research nothing can be found in the Rules & Regs or case law that supports this case 'Conspiring to use a tobacco product.'" (Docket No. 8-1 at 7.) This grievance was denied as redundant, without addressing Petitioner's argument about the rules. (Id. at 8.) Petitioner then filed a Step-2 grievance on December 9, 2013, again stating that the rules did not support a conspiracy charge. (Id. at 5.) This grievance was denied by B. Parker who stated, "[t]he disciplinary charge was appropriate for the offense . . . ." (Id. at 6.) Thus, Respondent has not shown that Petitioner failed to exhaust his present claim in a procedurally proper manner.

II. Merits

Turning to the merits of Petitioner's claim, Respondent has presented credible summary judgment evidence showing that prison regulations do, in fact, allow a conviction for conspiracy to violate the prohibition against tobacco use. Petitioner was charged under TDCJ-CID Code 16.1, which makes use or possession of tobacco products

a Level 2 offense and provides that: "Use or possession of tobacco products: Consists of all items such as cigars, cigarettes, snuff, or similar goods prepared for smoking, chewing dipping, or other such personal use, including matches or lighters."  TDCJ Disciplinary Rules and Procedures for Offenders, at Attachment B-1 (2012).

Petitioner asserts that because he was charged with conspiracy to use a tobacco product, Code 16.1 does not apply, as it mentions only use or possession of tobacco. (Docket No. 1 at 6.)  However, in a preceding paragraph the disciplinary rules state that: "The following disciplinary offenses represent violations of the TDCJ offender rules.  A violation of these rules may consist of engaging, attempting to engage in, or *conspiring* to engage in specified behavior or aiding others in engaging, attempting to engage in, or *conspiring* to engage in specified behavior."  TDCJ, Disciplinary Rules and Procedures for Offenders, at 26 (emphasis added).  Thus, under the Rules and Procedures, Code 16.1 may be violated not only use or possession of a tobacco product, but also by conspiring to use or possess a tobacco product.   Petitioner has not presented anything to refute this interpretation of the rules, nor has he shown that such an interpretation violates federal due process protections.  Therefore, Respondent is entitled to summary judgment on Petitioner's claim.

## CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) prevents appellate consideration of a habeas petition unless the district or circuit courts certify specific issues for review.  See 28 U.S.C. § 2253(c); FED. R. APP. PRO. Rule 22(b).  Although Petitioner has not yet requested that this Court grant him a Certificate of Appealability

("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the summary judgment evidence clearly refutes Petitioner's sole claim, and Petitioner has not presented any evidence showing the denial of constitutional right, the Court will not issue a Certificate of Appealability from this decision.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1) Respondent's motion for summary judgment (Docket No. 7) is GRANTED;

2) The Petition for a writ of habeas corpus (Docket Nos. 1) is DENIED;

3) A Certificate of Appealability from this decision is DENIED; and,

4) All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 27th day of March, 2015.

                                                MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE